OPINION OF THE COURT
Peter R. Sprague, J.
The defendant-appellant, an attorney-at-law, appeals from a judgment of conviction rendered after trial in the Village Court of the Village of Cattaraugus. Specifically, he was convicted on July 9, 1985, of speeding, in violation of Vehicle and Traffic Law § 1180 (d).
The primary issue before this court is, did the refusal of the People to proceed to trial on the date of the defendant’s initial personal appearance before the trial court divest the trial court of jurisdiction over the charge and preclude adjournment of the case for trial on a later date?
FACTS
The underlying facts, for the most part, are undisputed:
1) On May 2, 1985, the defendant was stopped and issued a simplified traffic information by a village police officer, charging the defendant with driving in excess of a 35 mile per hour limit.
*823 2) The information was returnable before the Village Court on the evening of May 7,1985.
3) On the designated return date, the defendant, apparently by telephone, contacted the presiding Justice of the Village Court and requested an adjournment because of prior commitments.
4) The Village Court adjourned the case to May 14, 1985, its next "regular court night.”
5) On May 14, 1985, the defendant again contacted the Village Court and requested another adjournment.
6) The Village Court adjourned the case to May 21, 1985.
7) On May 21, 1985, the defendant again contacted the Village Court and requested a third adjournment.
8) The Village Court adjourned the case to May 28, 1985.
9) On May 28, 1985, the defendant appeared, pro se, before the Village Court, and was arraigned on the speeding charge.
10) On May 28, 1985, although the arresting officer was in attendance, there was no Assistant District Attorney present.
11) At the May 28, 1985 proceedings, the defendant orally waived his right to a supporting deposition and demanded a trial.
12) Because of the defendant’s status as an attorney and the absence of a prosecutor that night, the arresting officer asked the Village Court to adjourn the case for trial to a date when an Assistant District Attorney would be available.
13) The informal general policy of the District Attorney in effect on the May 28, 1985 arraignment date was to appear for only those traffic cases in which the defendant was represented by counsel, allowing the arresting officer to "prosecute” all other traffic cases.
14) The Village Court granted the officer’s request, and adjourned the case for trial on June 18, 1985.
15) The trial was conducted on June 18, 1985, the People being represented by an Assistant District Attorney and the defendant appearing pro se.
16) At the commencement of the trial, the defendant notified the Village Court of his "position that the Court ha(d) lost jurisdiction in the case and (that the defendant would) not participate in trial.”
17) Despite the defendant’s jurisdictional objection, the Village Court proceeded with the trial.
*824 18) The People called one witness, the arresting officer.
19) At the conclusion of the arresting officer’s direct examination, the defendant waived cross-examination.
20) The defendant called no witnesses.
21) The Village Court found the defendant guilty, and rendered a judgment of conviction dated July 9, 1985.
On this appeal, the defendant has orally controverted portions of the return of the Village Justice dated August 8, 1985. For example, the defendant contends that the arresting officer’s supervisor, the Village Chief of Police, unduly "pressured” and influenced the Village Court on May 28, 1985, in persuading the Justice to adjourn the case for trial. Similarly, the defendant challenges the assertion of the Village Court in its return that the defendant "consented to an adjournment for a District Attorney’s appearance.”
In raising objections to the filed return at the oral argument stage, however, the defendant would have this court ignore the procedural provisions of CPL 460.10 (3) (see also, UJCA 2001 [2]). If the defendant deemed the filed return to be "defective,” his remedy was to apply to this court for an order directing the Village Court to file an amended return. As the defendant failed to make such a motion, his objections to the filed return are, for purposes of this appeal, deemed waived.
DECISION
Significantly, the defendant’s challenge to the conviction is predicated solely on procedural grounds. At the trial, having asserted his objection to the jurisdiction of the Village Court, the defendant elected not to contest the charge on the merits. As indicated above, the defendant waived cross-examination of the officer and chose to call no witnesses in his defense. The record shows no indication that the defendant alleged a failure on the part of the People to prove the elements of the traffic infraction beyond a reasonable doubt.
Although the defendant in his affidavit of errors asserts the deprivation of "a just and speedy trial,” this court notes that there has been no showing of an unreasonable delay between the date of the alleged incident and the date of trial. A substantial portion of the interval from the May 2, 1985 issuance of the simplified traffic information to the June 18, *825 1985 trial was attributable to the defendant’s unilateral, multiple requests for adjournments.
This court notes further that the Criminal Procedure Law does not generally contemplate the holding of arraignment and trial on the same date. For example, CPL 710.30 (2), dealing with the People’s intention to offer statements in evidence, speaks in terms of the notice being served "within fifteen days after arraignment and before trial”.
In the same sense, CPL 255.20 (1) contemplates pretrial motions being made by the defendant within 45 days after arraignment.
As a practical matter, this court recognizes that in rural areas it would be unduly burdensome upon the District Attorney’s office, and ultimately upon the taxpayers, for the presence of a prosecutor to be required at every session of every Town Court and every Village Court in the county. At times, the date of a defendant’s arraignment will coincide with a date when an Assistant District Attorney will be in attendance at court. On many other times, however, no prosecutor will be available on that arraignment date. Similarly, the arresting officer will not always happen to be in attendance on a given arraignment date.
Were this court to accept the argument of the defendant, the prosecution of violations of the Vehicle and Traffic Law could effectively be thwarted by a defendant by simply demanding an immediate — as opposed to a prompt — trial. It is the prerogative of the local criminal court, not of the defendant, to set a trial date.
Finally, notwithstanding the inconvenience to which the defendant was subjected in having to make separate appearances for arraignment and trial, the defendant has offered no evidence that the trial court’s adjournment for trial was improperly motivated or intended to harass, inconvenience, or prejudice the defendant.
For these reasons the conviction should stand.
ORDER
In pursuance of the foregoing, it is hereby ordered that the judgment of conviction rendered by the Village Court of the Village of Cattaraugus is hereby affirmed in its entirety.